Case number 19-1827, USA versus Benjamin Foreman. Oral argument not to exceed 15 minutes per side. Ms. LaCoste for the appellant. Good morning. I'm pleased to support. I am asking to reserve four minutes of rebuttal time. Now, my name is Elizabeth LaCoste, and I represent Benjamin Foreman. The first issue I'd like to touch base on is there was a lot of flurry of activity last week with the Sixth Circuit. And some cases got- Can you repeat what you're saying, please? Sure, I'm sorry. There was a lot of flurry last week in activity in the Sixth Circuit. And one of the cases that was brought up by the government was the Butler case. And what I'd like to point out about Butler is it is a non-published case. And so, as the court is aware, it is... Sorry, I'm very nervous, I apologize. It is persuasive, not necessarily binding on the court. On that issue, and it's part of the issue that the government brings up on the jurisdictional aspect associated with Bowers. First of all, Bowers isn't the issue in the Foreman case. It is clear from our arguments that we are not arguing substantive law. We are arguing procedural errors. And even if Bowers limits the jurisdiction, and that's, again, not the argument that we wanna dive into in this court. Even if it does, our case falls clearly within three of the four prongs of Bowers. First of all, a violation of law. Improper calculations of the defendant's guideline range has committed, shows it's a procedural error, and that's U.S. versus Gaul. Now, even Bowers recognizes that there are going to be procedural issues that are outside of Booker that are errors of law and that can be recognized by this court under the jurisdiction. You said only arguable error of law here, the supervised release term? No, Your Honor. We believe that the miscalculations of the guidelines under the current guidelines, that there is a miscalculation by Judge Onger. We also believe that there is an error of law when he discusses the prior merits of Mr. Forman's or the Sixth Circuit decisions on Mr. Forman's legal issues associated with his career offender. So it's our position that the court has jurisdiction. What is the second thing you just said? That Judge Onger, in his opinion, made an error of law when he indicated that the Sixth Circuit had closed this door on the merits. And if you turn to, well, if you talk, I'm sure the court's very familiar. Mr. Forman's been, had a lot of activity within the Sixth Circuit. But if you go back to his first appeal, there was no merit decision in that case. It was a pallet waiver situation in which the court didn't get to the merits. And in fact, if you look at the 2018 ruling in the Forman case, these are situations that are procedural issues that bar the claim. As the Sixth Circuit said in that, the first claim that he's actually innocent of his career offender designation because one of his prior convictions was dismissed concerning the imposition of his sentence, but it meets no exception in 2255E. And then it says, this Hill claim fails for the same reason that many of his previous arguments have  in which he waived his right to appeal or collaboratively attack. So it's our position, Your Honor, that those weren't on-merit decisions by the Sixth Circuit. And if I can move into the next area, unless you have any questions on that area. Go ahead. Okay. The second issue is the plenary session, a resentencing issue that was in a published case and clearly is binding on this court. We are not arguing, and we understand that under these circumstances, you are entitled to a full plenary resentencing. But then what is it? It has to be, as the law states, an imposition of a sentence. So although it's not a full resentencing, it clearly is a resentencing. And because it is a resentencing, it isn't limited by all the other things that a Rule 35B motion would be or a guideline reduction motion. And Judge Yonker recognizes that in the Boulder case, Boulding, excuse me, case, as well as our case, that there are no limits on the court's discretion. And he also recognizes that the court has to calculate the 3553A factors to determine to use their discretion appropriately. But he did all of that. Except he didn't do it properly. And our position is- He was very thoughtful, very thorough with it. And it's pretty hard to recharacterize it as something it isn't. Well, and I'm not trying to do that, Your Honor. But he felt that his hands were tied associated with this already, as he put in his opinion, determination on the merits by the Sixth Circuit that Mr. Foreman was not a career offender. Now let's talk about that. If we're in a resentencing, and not a motion for a sentence reduction, and Judge Yonker recognizes that you have to use the current guidelines, use the changing in the law, and use post-conviction behavior in assessing his discretion in whether to do those things. In this case, he said, he's a career offender, so I'm going to use those career offender guidelines. The problem is, Mr. Foreman's today, at the date the judge was looking at him, does not have a predicate conviction on his record that establishes that he's a career offender. Now, up to that point, that door had never been open for Mr. Foreman, because it was all procedurally closed. It was closed by his appellate waiver, and it was closed by the procedure that one uses in post-conviction issues. So why, if I, I think I understand what you're saying. You're saying that previously, there were constraints, particularly the statute and the court rule dealing with resentencing. Correct. Like, really? Yes. Okay. But because this was a full resentencing, or, well, let's not put it that way. Say, because this resentencing was not covered by those restricting statutes, it was, the court was free to consider these matters. Correct. Now, now I forgot what I was gonna ask you. Why was he no longer grounded? What happened was, back in, I think it was 2006, when he was sentenced, he had a pled to something in state court. We don't know from the record if that was accepted, but he had pled to that, and so it was scored, and that was the predicate offense, which created him to be a career offender. The day after he was sentenced in federal court, that was dismissed by the state with an alibi. Oh, that's right, that's right. Okay, so it was a dismissal. Okay. And why isn't, those facts haven't changed, so why isn't this court's prior decision binding? Well, because it's a resentencing, and if we're using the guidelines, and the current law, and the things that have changed, his conviction changed. It's not there. But the law didn't change. Correct, but the facts did, and the conviction is not there. We don't score, but we're choosing. But excuse me, it happened before the appeal. Yes, but not before the resentencing. Okay, so you're saying that when he was resentenced, you look at the facts at that time. And the law, and the years. If the fact you're relying upon occurred prior to the initial appeals, enforcement of the appellate waiver, how do you get to the point that now you're entitled to go back, not just to the statute you issued here, but go back to the very beginning? Well, because it's not there. The conviction is not there. At the time. Under my understanding of what you just told us, it wasn't there at the time of his initial appeal either. But the Sixth Circuit didn't address that at all, because he had an appellate waiver. They just, I mean, they didn't even address that issue. How can we at this point, procedurally, wipe out the appellate waiver? I mean, I don't know of anything in the First Step Act that lets us disregard what happened during the first appeal. Because, Your Honor, it's a unique act. I think we can all agree to that. And it opens the door to, as you said, it's not a full resentencing, a limited resentencing. And that resentencing is opening the door to changes of all kinds of things. Maximum of the sentence, different issue. And in this case, uniquely, a conviction that is gone. It's not there. So how can it be scored when Judge Yonker scored the guidelines in this case? And if you look, he's never been sentenced on it. It was never a sentencing issue. It was dismissed. The only reason at the time the guidelines, and currently, count that kind of a conviction is because they, or plea, I should say, is because they expect a sentence to come. The sentence never came. There was never a sentence here. A couple things I'd just like to, there's one case, or just one statement that a Second Circuit court talked about this kind of issue. And it was citing a Ninth Circuit guthrie. It says, it would be odd, we believe, contrary to the guidelines, for a federal court to treat as valid a state conviction that no longer exists, even though the conviction is being considered for the limited purposes of federal sentencing. The federal court may believe the state court's decision overturning the prior conviction is incorrect, but that is besides the point, for the guidelines are concerned only with the state's final determination, not the soundness of its reasoning. In this case, Mr. Foreman's conviction was gone. Judge Yonker should have used that in calculating the guidelines. If he wanted to upwardly vary, he could have laid a foundation to do that, to get to a proper sentence. He didn't. Thank you. It is U.S. versus Cox, 245-Fed 3rd, 126, citing United States versus Guthrie, 931-Fed 2nd, 564. Thank you. Mr. Foreman. Good morning, your honors. May I please the court? I'm Nils Kessler from the U.S. Attorney's Office for the Western District of Michigan. Could you please use the mic? I'm sorry? I'm Nils Kessler from the U.S. Attorney's Office for the Western District of Michigan. Mr. Foreman got what the first step back promised him, which was a shot at having a reduced sentence, as if fair sentencing in 2010 had been in place at the time that he was originally sentenced. Judge Yonker gave him exactly that. Did you have a question? I'm sorry. I have a question. I know I'm wrestling papers, but could you try to speak up a little bit? Yes, ma'am. So the first, the Fair Sentencing Act of 2010 is exactly what Judge Yonker applied here, and he took five years, more than five years, off of Mr. Foreman's sentence, and he explained it thoroughly in a 15-page opinion, as the court has noted, and he literally showed his math as to how he got there. Now, Mr. Foreman has two issues here that he's raised. The first is whether he should have a plenary resent, saying a complete do-over, and the second is whether Judge Yonker, in his opinion, abused his discretion in selecting the reduced sentence. We know that the statutes that were involved in Dillon and Bowers are not, they just don't apply here, and you get a resentencing as if those sections applied at the time that you leave them. I don't think you're arguing that the court doesn't perform a 3553 analysis, or that you can't consider things that happened while the person has been serving their sentencing, right? You're not saying that all you do is redo the guidelines and then that's it? Okay. I'm not saying that at all, Your Honor. Okay. Judge Yonker, I'm sorry. What? If something has changed, like a sentence being vacated or something just never being entered, why wouldn't you be able to consider that? Is there something special about this case, or are you saying that's the rule, that you cannot consider these things? No, I don't think it's a rule issue, Your Honor, and Judge Yonker did consider the 3553 factors, as he mentioned in his opinion. It's something about this case. I think the defendant is trying to portray it as if the first step back is a time machine that allows you to go back in time and do the resentencing as if it were 2006, pretending that nothing that had ever happened since then ever happened. But something very important did happen. This court, in case 18-1274, specifically said, as Judge Yonker quoted in his opinion, that Mr. Forman is a career offender. That's settled law. You can't go back and pretend that that didn't happen. Now we can go back and try to give him a reduced sentence. This is what the First Step Act says. Give him a reduced sentence as if the mandatory minimums from the Fair Sentencing Act were in play even before 2010. But that doesn't mean you disregard all the facts. Okay, so at the same point, I was questioning that when I said you have to accept. I mean, it doesn't matter what happened the day after he was sentenced. What matters is what happened to him on appeal. You can't do things that weren't done in the first appeal. Exactly, Your Honor. Mr. Kessler, I'm even more confused because the argument this morning seems to have become whether he was or wasn't a career offender, and considering him a career offender was an error by Judge Yonker. But I just look back again to see if I missed this. Ms. LaCoste's brief, I don't think even argues that. No, I only address that because you asked me about it. I understand that, but when did that even become the issue in this appeal? She doesn't argue it in her brief unless I'm just not reading it correctly, and there's no reply. No, it's not the issue in this appeal, and even if it were, it's settled. This court has a rule of nine. Well, your argument would be, if it was properly before us, that one, it's settled, and two, there's an appellate waiver anyway. Correct. So all we do is narrowly look at what relief you can get under the First Step Act, and your position for the government is this isn't included. That's right, Your Honor. All right. Of the two issues that Mr. Forman raised, I believe a plenary resentencing issue has been settled by this court when it published the Alexander decision, so I won't dwell on that unless the court has questions about it. I think the more interesting issue is the second issue he raises. This court, I want to staunch you on that, too, because what seems to be interesting about how this argument is morphed this morning is she concedes there's no plenary resentencing, but essentially simply says, well, you don't do it in court, but you have to do a plenary resentencing, even though Alexander says you don't. I mean, that's how I would characterize her argument. Is that, in your estimation, is that right or wrong? It's right that that's what her argument is, but no, you don't do a plenary resentencing. This isn't any, I mean, there are differences between this and Rule 35 or a 3582c2 proceeding in that there are different rules that apply to those things, but as this court has held, those are all congressional acts of lenity. It is not a complete do-over, and I would take issue when the defendant says that there are no limits on what the court can do. There's one very important limit. The court couldn't go up and impose a more harsh sentence. The court was given a, in the first act, as this court has said now to Andrew, a very limited and discretionary authority to go down only, not to go up. Do you think that any of the, I see the situation we're in now as possibly permitting a whole range of options for the district judge in terms of how the district judge handles these first step-back cases? We know there doesn't have to be a plenary hearing. Presumably, the court could do what Judge Yoffer did and write an opinion, a pretty reasoned opinion, in which resembles an original sentence. I mean, there's a mention of the 3953A factors, but there's also consideration of some other subsequent behavior. The court could, presumably, do something much less considered and simply write something down. I mean, just in or in order of saying the sentence could the court do that? Yes, Your Honor. The first step-back doesn't really place limits on how he does it, and section 404C of that act is specific in saying that nothing in that statute should be construed to require the judge to do anything. The judge has to look at the motion, obviously, but they can do it in a number of different ways. And as the Supreme Court held in Chavez Mesa, they could check boxes on a form as long as the entire record indicates they did knowing the record and thoughtfully. But the correctives are forbidden from conducting a full resentencing. The fact, what I hear you saying is that the reason Defendant Foreman doesn't get what he wants here is because of his waiver and this court's prior opinion. But in a different case, is the judge, how is the judge, how is the judge's authority constrained other than, I suppose, if a new law has been passed in the interim? But, I mean, the judge can do a full resentencing if the judge wants to, right? Yeah, I'm not arguing that he couldn't. I'm arguing that he didn't have to. But the full resentencing would not be, we're going to go back to square one. You can't change the facts here. Well, and presumably, it wouldn't go back. Let's say if there'd been a change in law so that something that had been accredited meant to be a career offender was no longer. You might, maybe you take that into consideration in the ultimate conclusion, but you wouldn't redo sentencing number one and appeal number one. You'd do it only if you thought it was appropriate to consider a more lenient sentence. For that reason, it'd be a discretionary part of the sentence, not one that sought to, sought a redo. Is that, do you think that's right? I would agree with that, Your Honor. The judge has discretion. Well, let me see if we can look at it this way. All the first step that it did is make the Fair Sentencing Act retroactive. Yes, Your Honor. And that addresses itself to only the portion of the guideline calculation that deals with drug quantities. Am I right so far? Yes, Your Honor. So while you do a resentencing, it doesn't mean you go back and recalculate the guideline range, except insofar as it's changed then by the First Step Act. And that's what he did. Yes, Your Honor. So when we say you start over from scratch, or if that's the implication that somebody thinks is right, it doesn't mean that you're entitled to a new guideline calculation beyond which the First Step Act revisions. Am I right about that? Yes, Your Honor, although- Now, the answer to the question, it seems to me, as to why you can't do those other things is the principle of finality. The act, the code clearly says, I want you to impose a sentence. You can't go back and change it, except under limited, very limited circumstances that don't apply to you. So then the First Step Act comes along and says, well, now you can go back and consider within the collars or the limitations of the First Step Act. Am I right? Yes, Your Honor. The First Step Act, though, unlike some of these previous ways of sentencing reductions, actually does not require the judge to do sentencing guidelines at all. And that's where I take issue with the idea that the court has jurisdiction to look at this as either a sentencing guide, under 34, 742A, 2, 3, or 4, nothing to do with the guidelines here. The First Step Act basically just said, take a look at the, take a look at what crack levels trigger certain mandatory minimums, and then give the defendant a reduced sentence if those apply. But this is different than all those other ways of sentencing reductions, because the Sentencing Commission didn't promulgate new guidelines, so the court didn't actually have to go back through and recalculate guidelines at all. Judge Yonker specifically recognized this in his opinion when he said the Sentencing Commission has nothing to do with it. Which is why the fact that the predicate of the Act no longer exists is irrelevant. And I would take issue with the idea that it doesn't. It does. Although, presumably, once the judge does all this stuff, I suppose then the judge could decide to take these other things into account in connection with exercising his or her discretion to vary, you just can't go up, you have to go down. Yes. But you can't appeal that, because your argument is if you can only go down, you can't go up, it's not a reasonableness determination that's subject to appeal. That's absolutely right, Your Honor. And there's only one ground for jurisdiction to review it here, which is the violation of law, because sentencing guidelines have nothing to do with it. That depends. I'm characterizing Judge Yonker's failure to mention supervisor release term and deal with it in any way as a violation of law, along the lines of he was unaware of it, then as a procedural reason for this issue, which would not be subject to review under balance. Yes, Your Honor. And let me take issue with just one factual thing. He did recognize that he did actually address the supervisor release term. Now, had he not, there might be an argument that he failed to explain or understand his authority. And I think, if you know the... Well, he addressed it by saying he was reimposing five years. Yes, Your Honor. He didn't explain why. No, but I don't think... I think you don't have to give... Arguably, that could be an argument. You don't have to give any explanation at all, right? That's right, Your Honor. So you can't infer from not giving an explanation that you're not required to, that you did or didn't know you had the authority to do it. Exactly, and I think we can actually infer from the fact that he said five years that he did know, because this, as the court has noted, it was a very carefully thought through and reasoned opinion and although it would be even better if he had said, I know I can go down to four, but I choose not to. But if he had said nothing about it, and said, I'm just leaving everything else alone, you might be able to infer that maybe he hadn't thought about it. But he actually said, I'm leaving everything else the same, including the five year term of supervised release. So he specifically said, this is what I want. And that's as much as the court said was enough in Chavez-Mezza, where it's clear from the record that the judge is familiar with everything in the case and made a reasoned decision, which is what he did in this case. I would agree with the court. I won't belabor it, but I would agree with the court here that an insufficient explanation claim, which is what Mr. Forman has basically been bringing up here is not really cognizable in these kind of proceedings, at least the way he presented it. And even if this court finds that it did have discretion to review how Judge Yonker came to choose the sentence that he chose in the end, I think it's pretty clear that there was no abuse of discretion here. In comparison with Chavez-Mezza, where the judge checked with Forman, he did a 15-page opinion where he laid out all of his math, his calculations for how he got there, even though he didn't need to do that. Explained how he came up with- I haven't asked for a lesser supervised release period I'm sorry? For the sentencing. I'm sorry? Did Forman ask that the supervised release term be reduced at the resentencing? He did not, Your Honor. So I think the standard, if we're even gonna be looking at that, should be something like plain error. So in summary, since I only have about 30 seconds left, unless there are other questions, he's not entitled to an entire due over. This court has conclusively held that that's inconsistent with the limited discretionary authority conferred by the First Step Act. And as to his second argument, the judge didn't abuse his discretion in selecting the sentence reduction that he did. And even if he did, even if the court wants to review that, there's no question that he came to that conclusion through an analysis that showed great thoughtfulness and came up with the appropriate sentence. One quick question, I should know the answer. Did he ask to be resentenced as not a career offender under this First Step Act proceeding? I'm not sure he specifically did, but this is, by my count, his 23rd appeal, and I know he's asked for that many, many times, and this court has ruled on it many times. Thank you, Your Honor. So, Ms. LaPaz, I was sort of slow on the uptake of what you were arguing first, but where do you think would argue in your brief this question about he was an error because your client is no longer a career offender? Well, if you look at page seven of the summary of your argument, Your Honor, one of our arguments is that the court failed to apply the current sentencing guidelines and current case law in determining Mr. Perlman's First Step Act under the advisory guideline range. And our argument was kind of couched within the request or the belief that there is entitlement for a plenary full resentencing. Well, you said the same thing at the end of your brief, too, but you never even mentioned that career offenders should do it. I believe so, Your Honor. We brought up the fact that he was not a career offender, and we cited Peyton talking about how the court could have started from the non-career offender guidelines, and if the court would have put on the record why it was appropriate to upwardly depart. That was our last argument. That didn't happen here. The record was devoid of any argument or discussion on why what we believe is a higher than appropriate guideline sentence was appropriate here, because if somebody walked into court today, Mr. Foreman walked into court today, his guideline range would be 70 to 87 months. He is not a career offender that his molly cross would not be scored. Now, a little bit, the act that we're talking about, there's only one limitation, Judge, only one limitation on the extent to which a court may reduce a sentence if it says that a sentencing court may reduce a sentence, as if sections two and three of the Fair Sentencing Act were in effect at the time. Now, again, this is a new area. Do sections two and three at all address the calculation of criminal history category? No, Your Honor, but the court has recognized, and Judge Yonker and Boulding has recognized, that there are no limits, and that the court has to use their discretion appropriately. They have to follow the 3553A factors. And there's a case, it's a FedSec third case, rather, United States versus Roe, Roe is 379 FedSec third, and that's exactly what the court discusses. It says, as with any sentencing-related decision, the district court's discretion is both guided by and constrained by the 3553A factors. And one of those factors is the proper calculation of the guideline. And this is gonna come up, not just in Mr. Forman's case, but in Johnson cases, where people are no longer career offenders. And one of the things, and you guys didn't get there, I didn't hear the government's argument on that, but in other cases, the government is arguing that the door, it's too wide, we shouldn't open that door. But you can't, Congress didn't put a limitation and say you had to follow the old sentencing guidelines or you had to follow the commentary on the guidelines. There's none of those limitations here. What there is is a grant of discretion to the district court. Correct, and in use of that. So that means that our review is probably for use of discretion. And our position is that there were violations of law here that, and improper calculations of the guidelines under the statute that allows you to have that discretion. In this situation, it's different. We've never had a statute like that, that truly not open for full plenary resentencing, but certainly, if the court can look at post-conviction actions, if the court can look at all the other things, change the maximums, the court and Judge Yonker has agreed in other cases that they're supposed to follow the current law. And in this case, we can't change the fact that conviction is gone. It's not there. It shouldn't have mattered in the, it shouldn't have been scored. And if the judge wanted to go on board, he could have. Thank you. We appreciate the argument both of you have given and we'll give the case careful consideration. Thank you. Thank you.